Anthony C. Imbarrato, Esq. Formal Opinion Chairman, Employment No. 95-F4 Relations Board 3000 Hempstead Turnpike Levittown, N Y 11756-1396
Dear Mr. Imbaratto:
You have requested an opinion concerning the application of Labor Law § 702(4). You have advised us that you have been appointed Chairman of the Employment Relations Board (the "Board") for a term expiring December 31, 1998. Currently you are a partner in a law firm based on Long Island. You state that it is your intention not to participate in your private law practice or to engage in any other business or profession during your term as Chairman. You ask whether, under the provisions of the Labor Law, it is sufficient that you take an uncompensated leave of absence or whether you must divest yourself completely of any interest in the firm and file a certificate of dissolution.[1]
Labor Law § 702(4) provides that "[e]ach member of the board shall devote his entire time to the duties of his office and shall not engage in any other business, vocation or employment". This language has appeared in the governing statute since the creation of the Board in 1937. See, L 1937, ch 443. You have stated your intention to comply with this provision. In effect, you ask whether, if you continue as a partner, but have no involvement with the law firm and receive no compensation from the firm during your service on the Board, you have complied with section 702(4) of the Labor Law. We conclude that such an unpaid leave of absence meets the requirements of the Labor Law.
We are aware of no authority that construes section 702(4) to require dissolution of Board members' partnerships. The statute, which requires Board members to devote their entire time to the work of the Board and prohibits them from engaging in other business or employment, should be given its plain meaning — barring actual participation in business or employment other than a member's duties with the Board. Had the Legislature intended to bar Board members from maintaining any affiliation or connection with outside business entities, it would have plainly stated that proscription. Further, that interpretation could produce a harsh result by requiring a board member to relinquish any opportunity to return to his firm at the end of his public service. There is no evidence that the Legislature intended such a restrictive provision which would impede the recruitment of qualified individuals to serve temporarily on the Board.
We conclude that a person appointed to the position of Chairman of the Employment Relations Board may take an unpaid leave of absence from the law firm of which he is a partner.
Very truly yours,
DENNIS C. VACCO
Attorney General
[1] You also have advised us that you have raised similar questions with the State Ethics Commission. Construing only the ethics laws, they have informed you that your firm may continue to use your name on its letterhead during a leave of absence while you serve on the Board. The Commission has advised us that they also informed you that under the ethics laws your firm may not appear before the Board during your service as Chairman.